UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

WARNER BROS. RECORDS INC., a Delaware
corporation; CAPITOL RECORDS, INC., a
Delaware corporation; VIRGIN RECORDS
AMERICA, INC., a California corporation; UMG
RECORDINGS, INC., a Delaware corporation;
ARISTA RECORDS LLC, a Delaware limited
liability company; SONY BMG MUSIC
ENTERTAINMENT, a Delaware general
partnership; BMG MUSIC, a New York general
partnership; and ATLANTIC RECORDING
CORPORATION, a Delaware corporation

                         Plaintiffs,

        -against-

CHERYL WALTUCH,

                 Defendant.

-------------------------------------------------------- x

Civil Action No.: 06-cv-0749-(DGT)

**MOTION TO COMPEL
DEFENDANT TO RESPOND TO
PLAINTIFFS' DISCOVERY
REQUESTS AND FOR AN
EXTENSION OF THE DISCOVERY
DEADLINE**

     Pursuant to Your Honor's Individual Practices and Local Rule 37.2, Plaintiffs hereby respectfully request that the Court order Defendant to respond to Plaintiffs' First Set of Interrogatories, First and Second Sets of Requests for Admissions, and First Requests for Production by July 9, 2007. Plaintiffs further request that, in the event Defendant fails to respond to Plaintiffs' Requests for Admissions as ordered by the Court, Plaintiffs' Requests for Admissions be deemed admitted. Finally, because Defendant's failure to respond to Plaintiffs' written discovery has prevented Plaintiffs from completing their discovery in time to meet the current June 30, 2007 discovery deadline, Plaintiffs respectfully request that discovery be extended to 45 days from the date of the Court's ruling on this motion.

## BACKGROUND

Plaintiffs filed this action on February 17, 2006 against Defendant for damages and injunctive relief under the Copyright Act arising from Defendant's use of an online media distribution system known as "KaZaA" to download copyrighted recordings and to make those recordings available for distribution to others online. Defendant was served with the Summons and Complaint on March 22, 2006 and filed her answer on April 4, 2007.

On March 29, 2007, Plaintiffs served their First Set of Interrogatories, First Set of Requests for Production of Documents and their First Set of Requests for Admissions, and on May 8, 2007, Plaintiffs served their Second Set of Requests for Admissions, collectively the "Discovery Requests," on Defendant. Defendant never responded to any of these Discovery Requests. (*See* Exhibit A, Plaintiffs' First Set of Interrogatories; Exhibit B, Plaintiffs' First Set of Requests for Production of Documents; Exhibit C, Plaintiffs' First and Second Sets of Requests for Admissions.)

After Defendant's time to respond to the Discovery Requests had expired, Plaintiffs' counsel wrote a letter to Defendant on May 22, 2007 under Rule 37 reminding him that his discovery responses were overdue, and requesting complete responses by May 30, 2007. (*See* Exhibit D, May 22, 2007 letter.) Defendant did not respond to Plaintiffs' letter, did not respond to Plaintiffs' discovery, and did not otherwise contact Plaintiffs about the Discovery Requests or about this case. Plaintiffs now respectfully request that the Court enter an Order compelling Defendant to provide complete answers to Plaintiffs' Discovery Requests by July 9, 2007.

## ARGUMENT

As Defendant has failed to respond in any way to Plaintiffs' First Interrogatories or Plaintiffs' First Requests for Production of Documents, he has waived any potential objections to these Discovery Requests. *See, e.g.,* Fed.R.Civ.P. 33(b)(4) ("Any ground not stated in a timely objection is waived. . . ."); *see also Eldaghar v. City of N.Y. Dep't of Citywide Admin. Servs.,* 2003 U.S. Dist. LEXIS 19247, at *4 (S.D.N.Y. 2003) ("The law is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver . . . If a party fails to file timely objections to document requests, such a failure constitutes a waiver of any objections which a party might have to the requests."); *see Techsearch Servs., Inc. v. Gorman,* 1999 WL 33024, at *2 (S.D.N.Y. Jan. 21, 1999) ("Since defendant's answers and objections to plaintiffs interrogatories were not served timely, all the objections to the interrogatories are waived."); *Bohlin v. Brass Rail, Inc.,* 20 F.R.D. 224, 225 (S.D.N.Y. 1957) ("[I]f the provisions of Rule 33 relating to the service of objections are to be given any effect or meaning, the failure to serve such objections within the time prescribed by the rule should be considered as a waiver of such objections.").

As a result, Defendant must now answer all of the interrogatories and produce all responsive documents without regard to objection or privilege. *See, e.g., Doggett v. Perez,* 2004 WL 2939600, at *6 (E.D. Wash. 2004) ("Having not registered any objections to the requests for production, nor sought any type of protective order, and having waived any privilege they might assert, plaintiffs are obliged to produce all of the documents requested . . . ."); *Techsearch Servs.,* 1999 WL 33024, at *2 (compelling complete answers to interrogatories and the production of all requested documents and finding all objections waived).

Plaintiffs further request that, in the event Defendant fails to respond to Plaintiffs' two sets of Requests for Admissions as ordered by the Court, Plaintiffs' Requests for Admissions be deemed admitted. Where a party fails to respond to a request for admission within thirty days after service, "all matters in the request are deemed admitted" under Rule 36. *Mason Tenders Dist. Welfare Fund v. Santa Fe Constr., Inc.*, 2005 U.S. Dist. LEXIS 3138 (S.D.N.Y. 2005); F.R.C.P. 36(a) ("The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection . . . ."). Here, Plaintiffs served their First and Second Sets of Requests for Admissions to Defendant ("RFA") on March 29, 2007, and May 8, 2007, respectively. (Exhibit C.) Defendant has already failed to respond to Plaintiffs' Requests for Admissions within thirty days as required by Rule 36 or to seek an extension of time. If Defendant further fails to respond to Plaintiffs' Requests for Admissions, Plaintiffs ask that they be admitted, and at such time Plaintiffs would move for summary judgment against Defendant based on deemed admissions.

Plaintiffs further request that the discovery deadline be extended to 45 days from the date of the Court's ruling on this motion. Good cause for the extension exists because Defendant has failed to participate in discovery in this case in any meaningful way despite follow-up efforts by Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court order Defendant to respond to Plaintiffs' First Set of Interrogatories, First and Second Sets of Requests for Admissions, and First Requests for Production by July 9, 2007, and that, if Defendant fails to respond to Plaintiffs' Requests for Admissions as ordered by the Court, Plaintiffs' Requests for Admissions be deemed admitted. Finally, Plaintiffs respectfully request an extension of the discovery deadline to a date 45 days beyond the date the Court rules on this motion. There have been no previous requests for an extension of the discovery deadline.

Dated: New York New York
      June 29, 2007

                              ROBINSON & COLE, LLP

                  By: _____
                      Brian E. Moran (BM-8573)
                      Richard J. Guida (RG-5147)
                      885 Third Avenue, Suite 2800
                      New York, New York 10022
                      Phone (212) 451-2900
                      Fax: (212) 451-2999

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **WARNER BROS. RECORDS INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; and ATLANTIC RECORDING CORPORATION, a Delaware corporation** | x : : : : : : : |
| Plaintiffs, | : |
| -against- | : |
| CHERYL WALTUCH, | : |
| Defendant. | x |

Civil Action No.:  06-cv-0749-(DGT)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 29, 2007, a copy of the foregoing MOTION TO COMPEL DEFENDANT TO RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS AND FOR AN EXTENSION OF THE DISCOVERY DEADLINE was served upon the Defendant via United States Mail at the following address:

Cheryl Waltuch
3328 Woodward Street
Oceanside, NY 11572
*Defendant*

_____
Brian E. Moran (BM-8573)

STAM1-840576-1

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WARNER BROS. RECORDS INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation ; UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; and ATLANTIC RECORDING CORPORATION, a Delaware corporation,

            Plaintiffs,

      -against-

Cheryl Waltuch,

            Defendant.

Civil Action No.:  1:06-cv-00749-DGT-RML

---

## FIRST SET OF INTERROGATORIES

TO:    Defendant
       Cheryl Waltuch
       3328 Woodward Street
       Oceanside, NY 11572

Pursuant to Federal Rules of Civil Procedure, Rule 33, Plaintiffs hereby request that Defendant Cheryl Waltuch ("Defendant") provide responses and documents to these interrogatories within thirty (30) days of service.

## DEFINITIONS AND INSTRUCTIONS

A.     "YOU" or "YOUR" shall mean and refer to defendant Cheryl Waltuch, or anyone acting under her direction.

B.     "COMPUTER" means all computers and computer components located within YOUR place of residence or otherwise within YOUR possession, custody, or control that had

access to the Internet at any time during the preceding three years through YOUR account with Csc Holdings, Inc..

    C.    "SOUND RECORDINGS" means works that result from the fixation of a series of musical, spoken, or other sounds including, but not limited to, recordings of music.

    D.    "PLAINTIFFS' RECORDINGS" means the SOUND RECORDINGS listed in Exhibit A attached to the Complaint in this action.

    E.    "ONLINE MEDIA DISTRIBUTION SYSTEM" means any Internet-based system including, but not limited to, Kazaa, Grokster, MusicCity, BearShare, Limewire, iMesh, FastTrack, eDonkey, and Gnutella that enables users to copy SOUND RECORDINGS from, and/or distribute SOUND RECORDINGS to, other users of the system.

    F.    "PERSON(S)" means any natural person and any business, legal, or governmental entity or association.

    G.    "IDENTIFY" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, their age, their relationship to YOU and their present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

    H.    "STATE THE BASIS" means to:

        1.    IDENTIFY each and every document (and, where pertinent, the section, article, or subparagraph thereof), which forms any part of the source of YOUR information regarding the alleged facts or legal conclusions referred to by the interrogatory;

2.      IDENTIFY each and every communication which forms any part of the source of YOUR information regarding the alleged facts or legal conclusions referred to by the interrogatory;

3.      State separately the acts or omissions to act on the part of any person (identifying the acts or omissions to act by stating their nature, time, and place and identifying the person involved) which form any part of YOUR information regarding the alleged facts or legal conclusions referred to in the interrogatory; and

4.      State separately any other fact which forms the basis of YOUR information regarding the alleged facts or legal conclusions referred to in the interrogatory.

I.      "MADE AVAILABLE" or "MAKE AVAILABLE" means storing a file or content on the hard drive of YOUR COMPUTER in a manner such that the file or content may be accessed by members of the public and/or other users of an ONLINE MEDIA DISTRIBUTION SYSTEM, including, but not limited to, by placing the file or content in a "share" folder associated with an ONLINE MEDIA DISTRIBUTION SYSTEM.

J.      These interrogatories call for all information (including any information contained in or on any document, electronic, or hard-copy) that is known or available to YOU, including all information in the possession of or available to YOUR attorneys, agents, representatives, investigators or any other person acting on behalf of YOU or under YOUR direction or control.

K.      If YOU cannot answer any interrogatory fully and completely after exercising due diligence to make inquiry and secure the information necessary to do so, please answer each such interrogatory to the fullest extent possible, state the facts upon which YOU rely to support YOUR contention that YOU are unable to answer the interrogatory fully and completely, and

state what knowledge, information, and belief that YOU have concerning the unanswered portion of each such interrogatory.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State YOUR date of birth.

### INTERROGATORY NO. 2:

If YOU are under the age of eighteen (18) years, IDENTIFY YOUR parents or legal guardian.

### INTERROGATORY NO. 3:

For each COMPUTER located at YOUR residence that was connected to an Internet account, IDENTIFY the COMPUTER by brand name; model number; serial number; year; and MAC address(s) for all computers and for all modems connected to the COMPUTER, including but not limited to DSL modems, cable modems, and/or dial-up modems.

### INTERROGATORY NO. 4:

IDENTIFY computer networking hardware used in the last three years on the COMPUTER including, but not limited to routers, hubs, and Ethernet cards.

### INTERROGATORY NO. 5:

IDENTIFY the owner of the COMPUTER.

### INTERROGATORY NO. 6:

IDENTIFY all PERSONS who resided with YOU during the three years prior to the date the Complaint in this action was filed.

### INTERROGATORY NO. 7:

IDENTIFY all PERSONS who utilized the COMPUTER during the three years prior to the date the Complaint in this action was filed.

4

**INTERROGATORY NO. 8:**

IDENTIFY all PERSONS who utilized the COMPUTER on June 17, 2004.

**INTERROGATORY NO. 9:**

IDENTIFY all PERSONS who downloaded an ONLINE MEDIA DISTRIBUTION SYSTEM on the COMPUTER during the three years prior to the date the Complaint in this action was filed.

**INTERROGATORY NO. 10:**

IDENTIFY all PERSONS who utilized an ONLINE MEDIA DISTRIBUTION SYSTEM on the COMPUTER during the three years prior to the date the Complaint in this action was filed, including but not limited to any PERSON who downloaded music to the COMPUTER.

**INTERROGATORY NO. 11:**

IDENTIFY all PERSONS who utilized an ONLINE MEDIA DISTRIBUTION SYSTEM on THE COMPUTER on June 17, 2004.

**INTERROGATORY NO. 12:**

State whether YOU contend that any PERSON(S) other than YOU is/are responsible for any or all of the acts of infringement alleged in the Complaint.

**INTERROGATORY NO. 13:**

If YOUR response to INTERROGATORY NO. 13 is anything other than an unqualified no, then state whether YOU have a belief as to who is responsible for any or all of the acts of infringement alleged in the Complaint, IDENTIFY such PERSON(S), and STATE THE BASIS for YOUR belief that such PERSON(S) is/are responsible for any or all of the acts of infringement alleged in the Complaint.

5

**INTERROGATORY NO. 14:**

IDENTIFY, by title of recording and recording artist, all SOUND RECORDINGS that YOU have copied or downloaded onto THE COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM during the three years before the Complaint in this action was filed.

**INTERROGATORY NO. 15:**

IDENTIFY, by title of recording and recording artist, all SOUND RECORDINGS that YOU have MADE AVAILABLE from THE COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM during the three years before the Complaint in this action was filed.

**INTERROGATORY NO. 16:**

For each of the SOUND RECORDINGS identified in YOUR response to Interrogatory Nos. 14 or 15, IDENTIFY the ONLINE MEDIA DISTRIBUTION SYSTEM used and the dates YOU used them.

**INTERROGATORY NO. 17:**

State all user or screen names YOU ever have used in connection with each ONLINE MEDIA DISTRIBUTION SYSTEM YOU utilized.

**INTERROGATORY NO. 18:**

IDENTIFY all PERSONS who have used the user screen names "happy516@KaZaA" or "IraCheryl@KaZaA" while connected to an ONLINE MEDIA DISTRIBUTION SYSTEM using the COMPUTER.

**INTERROGATORY NO. 19:**

If YOU have recorded or burned onto CDs any SOUND RECORDINGS that YOU have downloaded using an ONLINE MEDIA DISTRIBUTION SYSTEM, IDENTIFY, by title of recording and recording artist, each such sound recording, grouping the SOUND RECORDINGS by the CD onto which they were burned.

6

**INTERROGATORY NO. 20:**

      Describe (by type of file, and, if applicable, title of song, artist, and where YOU got the file from) what is contained in each file identified in Exhibit B to the Complaint.

**INTERROGATORY NO. 21:**

      List which files identified in Exhibit B to the Complaint were downloaded through an ONLINE MEDIA DISTRIBUTION SYSTEM.

**INTERROGATORY NO. 22:**

      IDENTIFY who downloaded each file identified in Exhibit B to the Complaint.

**INTERROGATORY NO. 23:**

      IDENTIFY, by title of recording and recording artist, all of the SOUND RECORDINGS contained in the files identified in Exhibit B to the Complaint which YOU deleted from the COMPUTER after YOU received the Complaint in this action.

**INTERROGATORY NO. 24:**

      IDENTIFY, by title of recording and recording artist, all of the SOUND RECORDINGS that YOU downloaded to the COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM after YOU received the Complaint in this action.

**INTERROGATORY NO. 25:**

STATE THE BASIS for any Affirmative Defenses alleged in YOUR Answer to

Plaintiffs' Complaint.

Dated: Stamford, Connecticut
      March 29, 2007

By: _____
     Brian E. Moran (BM-8573)
     Richard J. Guida (RG-5147)
     Robinson & Cole LLP
     885 Third Avenue, Suite 2800
     New York, NY 10022-4834
     Telephone: (212) 451-2900
     Fax: (212) 451-2999

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2007 a copy of the foregoing **FIRST SET OF INTERROGATORIES** was served upon the Defendant via United States Mail at the following address:

Cheryl Waltuch
3328 Woodward Street
Oceanside, NY 11572

Brian E. Moran (BM-8573)
Richard J. Guida (RG-5147)
Robinson & Cole LLP

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation ; UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; and ATLANTIC RECORDING CORPORATION, a Delaware corporation, | x : : : : : : : : : |
| Plaintiffs, | : |
| -against- | : |
| Cheryl Waltuch, | : |
| Defendant. | : |

Civil Action No.: 1:06-cv-00749-DGT-RML

---

## FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

TO:    Defendant
       Cheryl Waltuch
       3328 Woodward Street
       Oceanside, NY 11572

Pursuant to Federal Rules of Civil Procedure, Rule 34, Plaintiffs hereby request that

Defendant Cheryl Waltuch ("Defendant") provide responses and documents to this request for

production within thirty (30) days of service.

## DEFINITIONS AND INSTRUCTIONS

A.    "YOU" or "YOUR" shall mean and refer to defendant Cheryl Waltuch, or anyone

acting under her direction.

B.    "THE COMPUTER" means all computers and computer components located

within YOUR place of residence or otherwise within YOUR possession, custody, or control that

STAM1-834516-1

had access to the Internet at any time during the preceding three years through YOUR account with CSC Holdings, Inc..

C.  "PERSON(S)" means and includes any natural person or any business, legal, or governmental entity or association.

D.  "SOUND RECORDINGS" means works that result from the fixation of a series of musical, spoken, or other sounds including, but not limited to, recordings of music.

E.  "PLAINTIFFS' RECORDINGS" means the SOUND RECORDINGS listed on Exhibit A attached to the Complaint in this action.

F.  The term "DOCUMENTS" has the same meaning and scope as that term has in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations.  A draft or non-identical copy is a separate document within the meaning of this term.

G.  "ONLINE MEDIA DISTRIBUTION SYSTEM" means any Internet-based system including, but not limited to, Kazaa, Grokster, MusicCity, BearShare, Limewire, iMesh, FastTrack, e-Donkey, and Gnutella that enables users to copy SOUND RECORDINGS from, and/or distribute SOUND RECORDINGS to, other users of the system.

H.  "MADE AVAILABLE" or "MAKE AVAILABLE" means storing a file or content on THE COMPUTER hard drive in a manner such that the file or content may be accessed by members of the public and/or other users of an ONLINE MEDIA DISTRIBUTION SYSTEM including, but not limited to, by placing the file or content in a "share" folder associated with an ONLINE MEDIA DISTRIBUTION SYSTEM.

I.  "CONCERNING" means relating to, referring to, describing, evidencing, or constituting.

J.      You must produce documents as they are usually kept, or organize and label the documents YOU produce to correspond with the categories enumerated below. See Fed. R. Civ. P. 34(b).

K.      If any responsive document has been withheld because of a claim of privilege or work-product, YOU are required to produce a log stating the following information for each such document:

1.      The date appearing on the document, or, if no date appears, the date upon which it was prepared;

2.      Any identifying numbers or symbols;

3.      The identity of each person who participated in the creation of the document;

4.      The general subject matter of the document;

5.      The number of pages of the document;

6.      The identity of each person to whom the document is addressed, if any, and the identity of each person to whom the original or a copy of the document was sent;

7.      The identity of each person who presently has possession, custody, or control of the document or any copy thereof;

8.      The location of any file or files where the document or any draft or copy thereof normally or presently is kept;

9.      The general nature or description of the document (e.g., letter, memorandum, handwritten notes, minutes, etc.);

10.     The reason or reasons for the objection with sufficient particularity to allow the Court to adjudicate the merits of such objection, and the identity of the persons who have knowledge of the factual bases, if any, on which the privilege or other objection is asserted.

L.     If any responsive document has been discarded, destroyed, or deleted YOU are required to produce a log stating, for each such document, the following information:

1.     The date appearing on the document, or, if no date appears, the date upon which it was prepared;

2.     Any identifying numbers or symbols;

3.     The identity of each person who participated in the creation of the document;

4.     The general subject matter of the document;

5.     The number of pages of the document;

6.     The identity of each person to whom the document was addressed, if any, and the identity of each person to whom the original or a copy of the document was sent;

7.     The identity of each person whoever had possession, custody, or control of the document or any copy thereof;

8.     The location of any file or files where the document or any draft or copy thereof normally was kept;

9.     The general nature or description of the document (e.g., letter, memorandum, handwritten notes, minutes, etc.);

10.     The circumstances surrounding the loss or destruction of the document.

4

## DOCUMENTS TO BE PRODUCED

### REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS CONCERNING any registration by YOU as a user of any ONLINE MEDIA DISTRIBUTION SYSTEM.

### REQUEST FOR PRODUCTION NO. 2:

All SOUND RECORDINGS that are stored on the hard drive of the COMPUTER that YOU copied or downloaded using an ONLINE MEDIA DISTRIBUTION SYSTEM within three years before the Complaint in this action was filed.

### REQUEST FOR PRODUCTION NO. 3:

All SOUND RECORDINGS stored on the hard drive of THE COMPUTER that YOU ever MADE AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM within three years before the Complaint in this action was filed.

### REQUEST FOR PRODUCTION NO. 4:

All DOCUMENTS CONCERNING any SOUND RECORDINGS that YOU have MADE AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM from the COMPUTER within three years before the Complaint in this action was filed.

### REQUEST FOR PRODUCTION NO. 5:

All DOCUMENTS CONCERNING any SOUND RECORDING that YOU copied or downloaded from other users of an ONLINE MEDIA DISTRIBUTION SYSTEM within three years before the Complaint in this action was filed.

### REQUEST FOR PRODUCTION NO. 6:

A complete printout of YOUR screen shots depicting any publicly accessible folder on the COMPUTER, listing all SOUND RECORDINGS currently stored in those folders.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS CONCERNING any notices received by YOU from any Internet Service Provider CONCERNING copyrighted materials.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS CONCERNING communications or correspondence between YOU and any ONLINE MEDIA DISTRIBUTION SYSTEM, including, without limitation, e-mail messages, messages posted on on-line bulletin boards or in chat rooms, and real-time internet messaging messages.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS CONCERNING communications between YOU and anyone else CONCERNING any ONLINE MEDIA DISTRIBUTION SYSTEM or the "sharing," "trading," or downloading of digital music files, including, without limitation, e-mail messages, messages posted at on-line bulletin boards or in chat rooms, and real-time internet messaging messages.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS CONCERNING this lawsuit or any allegations contained therein.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS supporting any Affirmative Defense alleged in YOUR Answer.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS CONCERNING all CDs that YOU have recorded or burned from any sound recording that YOU downloaded using an ONLINE MEDIA DISTRIBUTION SYSTEM, including without limitation the CDs themselves and all lists of the SOUND RECORDINGS that are included on the CDs.

**REQUEST FOR PRODUCTION NO. 13:**

An electronic copy of each of the files identified in Exhibit B to the Complaint.

**REQUEST FOR PRODUCTION NO. 14:**

An electronic copy of each file currently contained in any share folder accessible through any ONLINE MEDIA DISTRIBUTION SYSTEM.

**REQUEST FOR PRODUCTION NO. 15:**

An electronic copy of the entire share folder utilized or created in connection with any ONLINE MEDIA DISTRIBUTION SYSTEM.

**REQUEST FOR PRODUCTION NO. 16:**

An electronic copy of the registry files (preferences files if Macintosh) or System Information report (System Profiler report if Macintosh). For purposes of this request, please do the following depending on the operating system(s) of YOUR computer(s):

A.    For computers running Windows 95, 98, 98SE or ME, copy the files "system.dat" and "user.dat" located in the c:\windows directory and provide a copy of each file.

B.    For computers running Windows XP, 2000, 2003 or NT4 please do the following to create a system information report file:

a)    Click on "Start" → select "Programs" (or "All Programs") → "Accessories" → "System Tools" → "System Information"

b)    In the System Information window, select "Action" → "Save As System Information File..."

c)    In the "Save As" window, select a location to save the file and name it "SystemInfo.nfo"

d)    Provide a copy of the resulting "SystemInfo.nfo" file.

C.    For Macintosh computers, create a System Profiler report.

a)    From the Apple Menu, select "Apple System Profiler" ("System Profiler") [alternatively, select "System Profiler" in the "Applications/Utilities" folder or from the Apple Menu click "About this Mac" and click "More Info"]

b)    With the System Profiler open, select "File" → "Save."

c)    If prompted for a name, name the file "SystemInformation"

d)    Provide a copy of the resulting file.

## REQUEST FOR PRODUCTION NO. 17:

A copy of the "screenshot" of THE COMPUTER's Windows Desktop. For purposes of the request, please follow these instructions:

A.    Start up THE COMPUTER and before running any program press the "Print Screen" button on YOUR keyboard.

B.    Click the "Start" button and select "Paint" from the "Accessories" menu.

C.    Select "Paste" under the "Edit" menu in "Paint".

D.    Under the "File" menu select "Save" and save the file as "desktop_screenshot.bmp".

E.    Close the "Paint" program.

F.    Click the "Start" button and press the "Print Screen" button while the "Start Menu" is open.

G.    Click the "Start" button and select "Paint" from the "Accessories" menu.

H.    Select "Paste" under the "Edit" menu in "Paint".

I.    Under the "File" menu select "Save" and save the file as "start_menu_screenshot.bmp".

J.    Close the "Paint" program.

8

K.    Click the "Start" button and select "All Programs" then press the "Print Screen" button while the "All Programs Menu" is open.

L.    Click the "Start" button and select "Paint" from the "Accessories" menu.

M.    Select "Paste" under the "Edit" menu in "Paint".

N.    Include the files "desktop_screenshot.bmp", "start_menu_screenshot.bmp" and "all_programs_menu_screenshot.bmp" in the backup returned to us.

Dated: Stamford, Connecticut
        March 29, 2007

By: _____

Brian E. Moran (BM-8573)
Richard J. Guida (RG-5147)
Robinson & Cole LLP
885 Third Avenue, Suite 2800
New York, NY 10022-4834
Telephone: (212) 451-2900
Fax: (212) 451-2999

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2007, a copy of the foregoing **FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** was served upon the Defendant via United States Mail at the following address:

Cheryl Waltuch
3328 Woodward Street
Oceanside, NY 11572

_____
Brian E. Moran (BM-8573)
Richard J. Guida (RG-5147)
Robinson & Cole LLP

10

# Exhibit C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation ; UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; and ATLANTIC RECORDING CORPORATION, a Delaware corporation, | x : : : : : : : : : : Civil Action No.: 1:06-cv-00749-DGT-RML |
| Plaintiffs, | : |
| -against- | : |
| Cheryl Waltuch, | : |
| Defendant. | : |

## FIRST SET OF REQUEST FOR ADMISSIONS

TO:    Defendant
       Cheryl Waltuch
       3328 Woodward Street
       Oceanside, NY 11572

Plaintiffs request that Defendant admit the truth of the following matters pursuant to Federal Rule of Civil Procedure 36.   Under the provisions of Rule 36, you are required to respond to these Requests for Admission, in writing, within thirty (30) days of service of these Requests.    Your response must be signed as required by Federal Rule of Civil Procedure 26(g)(2).  If you fail to fully respond to these Requests for Admission within the time allowed the matters set forth in these Requests may be deemed admitted and conclusively established against you for purposes of this action.

### DEFINITIONS AND INSTRUCTIONS

A.      "YOU" or "YOUR" shall mean and refer to defendant Cheryl Waltuch, or anyone acting under her direction.

B.      "PERSON(S)" means and includes any natural person or any business, legal or governmental entity or association.

C.      "SOUND RECORDINGS" means works that result from the fixation of a series of musical, spoken, or other sounds including, but not limited to, recordings of music.

D.      "PLAINTIFFS' EXHIBIT A RECORDINGS" means the SOUND RECORDINGS listed on Exhibit A to the Complaint.

E.      "ONLINE MEDIA DISTRIBUTION SYSTEM" means any Internet-based system including, but not limited to, KaZaA, Grokster, MusicCity, BearShare, Limewire, iMesh, FastTrack, e-Donkey, and Gnutella, that enables users to copy SOUND RECORDINGS from, and/or distribute SOUND RECORDINGS to, other users of the system.

F.      "SERVICE PROVIDER" means Csc Holdings, Inc..

G.      "COMPUTER" means all computers and computer components located within YOUR place of residence or otherwise within YOUR possession, custody, or control that had access to the Internet at any time during the preceding three years through YOUR account with SERVICE PROVIDER.

H.      "MADE AVAILABLE" or "MAKE AVAILABLE" means storing a file or content on the COMPUTER hard drive in a manner such that the file or content may be accessed by members of the public and/or other users of an ONLINE MEDIA DISTRIBUTION SYSTEM including, but not limited to, by placing the file or content in a "share" folder associated with an ONLINE MEDIA DISTRIBUTION SYSTEM.

2

## REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 1:

Admit that YOU subscribed to the Internet service provided by SERVICE PROVIDER, that connected the COMPUTER to the Internet as of June 17, 2004.

### REQUEST FOR ADMISSION NO. 2:

Admit that YOU owned the COMPUTER as of June 17, 2004.

### REQUEST FOR ADMISSION NO. 3:

Admit that YOU had the right and ability to supervise or control the use of the COMPUTER as of June 17, 2004.

### REQUEST FOR ADMISSION NO. 4:

Admit that YOU knew that the COMPUTER had been used to download or MAKE AVAILABLE copyrighted SOUND RECORDINGS on or before June 17, 2004.

### REQUEST FOR ADMISSION NO. 5:

Admit that YOU downloaded an ONLINE MEDIA DISTRIBUTION SYSTEM to the COMPUTER.

### REQUEST FOR ADMISSION NO. 6:

Admit that an ONLINE MEDIA DISTRIBUTION SYSTEM was downloaded to the COMPUTER.

### REQUEST FOR ADMISSION NO. 7:

Admit that YOU knew an ONLINE MEDIA DISTRIBUTION SYSTEM was downloaded to the COMPUTER.

### REQUEST FOR ADMISSION NO. 8:

Admit that YOU have used the user screen names "happy516@KaZaA" or "IraCheryl@KaZaA" while connected to an ONLINE MEDIA DISTRIBUTION SYSTEM.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Exhibit B to the Complaint is a true and correct copy of YOUR share folder as it currently exists, or as it existed at any point in the past three years during the preceding three years before the Complaint in this action was filed.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Exhibit B to the Complaint accurately lists material YOU have MADE AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM within the past three years.

**REQUEST FOR ADMISSION NO. 11:**

Admit that each of the file names listed on Exhibit B to the Complaint accurately depicts the artist and title of the SOUND RECORDINGS actually contained within those files as they reside or resided on the COMPUTER.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOU downloaded each of PLAINTIFFS' EXHIBIT A RECORDINGS onto the COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM.

**REQUEST FOR ADMISSION NO. 13:**

Admit that when YOU downloaded each of PLAINTIFFS' EXHIBIT A RECORDINGS onto THE COMPUTER, YOU knew that downloading such SOUND RECORDINGS was illegal.

**REQUEST FOR ADMISSION NO. 14:**

Admit that each Plaintiff listed as owning a copyright in one or more of PLAINTIFFS' EXHIBIT A RECORDINGS on Exhibit A attached to the Complaint in this action, does own or control exclusive rights to the copyright in each such SOUND RECORDING next to which the Plaintiff is listed.

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOU have no evidence to dispute that each Plaintiff listed as owning a copyright in one or more of PLAINTIFFS' EXHIBIT A RECORDINGS on Exhibit A attached to the Complaint in this action, does own or control exclusive rights to the copyright in each such SOUND RECORDING next to which the Plaintiff is listed.

**REQUEST FOR ADMISSION NO. 16:**

Admit that each of PLAINTIFFS' EXHIBIT A RECORDINGS was duly registered with the United States Copyright Office prior to the first date on which YOU downloaded or MADE AVAILABLE each such SOUND RECORDING.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU have no evidence to dispute that each of PLAINTIFFS' EXHIBIT A RECORDINGS was duly registered with the United States Copyright Office prior to the first date on which you downloaded or MADE AVAILABLE each such SOUND RECORDING.

**REQUEST FOR ADMISSION NO. 18:**

Admit that all of PLAINTIFFS' EXHIBIT A RECORDINGS bore United States copyright notices over the last three years prior to the filing of the Complaint in this case.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU had access to copies of PLAINTIFFS' EXHIBIT A RECORDINGS, which bore United States copyright notices over the last three years prior to the filing of the Complaint in this case.

**REQUEST FOR ADMISSION NO. 20:**

Admit that each copyright registration for each sound recording identified in PLAINTIFFS' EXHIBIT A RECORDINGS is valid.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU have no evidence to dispute that each copyright registration for each sound recording identified in PLAINTIFFS' EXHIBIT A RECORDINGS is valid.

**REQUEST FOR ADMISSION NO. 22:**

Admit that none of Plaintiffs have ever authorized YOU to copy or download any of PLAINTIFFS' EXHIBIT A RECORDINGS onto a computer hard drive.

**REQUEST FOR ADMISSION NO. 23:**

Admit that when YOU downloaded each of PLAINTIFFS' EXHIBIT A RECORDINGS onto THE COMPUTER, YOU willfully infringed the copyright in each sound recording.

**REQUEST FOR ADMISSION NO. 24:**

Admit that on or before the date of the filing of the Complaint in this action YOU MADE AVAILABLE PLAINTIFFS' EXHIBIT A RECORDINGS via an ONLINE MEDIA DISTRIBUTION SYSTEM.

**REQUEST FOR ADMISSION NO. 25:**

Admit that none of Plaintiffs ever has authorized YOU to MAKE AVAILABLE PLAINTIFFS' EXHIBIT A RECORDINGS to be downloaded or copied onto the computer hard drive of any other PERSON.

**REQUEST FOR ADMISSION NO. 26:**

Admit that after YOU received the Complaint in this action, YOU deleted some or all of PLAINTIFFS' EXHIBIT A RECORDINGS from the COMPUTER.

**REQUEST FOR ADMISSION NO. 27:**

Admit that after YOU received the Complaint in this action, you continued to download SOUND RECORDINGS to the COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM.

**REQUEST FOR ADMISSION NO. 28:**

Admit that after YOU received the Complaint in this action, YOU continued to MAKE

AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM all of PLAINTIFFS'

EXHIBIT A RECORDINGS.

**REQUEST FOR ADMISSION NO. 29:**

Admit that each sound recording identified in PLAINTIFFS' EXHIBIT A

RECORDINGS is identical to each corresponding SOUND RECORDING registered with the

United States Copyright Office.

**REQUEST FOR ADMISSION NO. 30:**

Admit that YOU have no evidence to dispute that each sound recording identified in

PLAINTIFFS' EXHIBIT A RECORDINGS is identical to corresponding sound recording

registered with the United States Copyright Office.

Dated: Stamford, Connecticut
      March 29, 2007

By: _____
    Brian E. Moran (BM-8573)
    Richard J. Guida (RG-5147)
    Robinson & Cole LLP
    885 Third Avenue, Suite 2800
    New York, NY 10022-4834
    Telephone: (212) 451-2900
    Fax: (212) 451-2999

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2007, a copy of the foregoing **FIRST SET OF REQUESTS FOR ADMISSIONS** was served upon the Defendant via United States Mail at the following address:

Cheryl Waltuch
3328 Woodward Street
Oceanside, NY 11572

Brian E. Moran (BM-8573)
Richard J. Guida (RG-5147)
Robinson & Cole LLP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation ; UMG RECORDINGS, INC., a Delaware corporation; ARISTA RECORDS LLC, a Delaware limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; BMG MUSIC, a New York general partnership; and ATLANTIC RECORDING CORPORATION, a Delaware corporation,<br><br>Plaintiffs,<br><br>-against-<br><br>Cheryl Waltuch,<br><br>Defendant. | x<br>:<br>:<br>:  Civil Action No.: 1:06-cv-00749-DGT-RML<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## SECOND SET OF REQUEST FOR ADMISSIONS

TO:    Defendant
       Cheryl Waltuch
       3328 Woodward Street
       Oceanside, NY 11572

Plaintiffs request that Defendant admit the truth of the following matters pursuant to Federal Rule of Civil Procedure 36.   Under the provisions of Rule 36, you are required to respond to these Requests for Admission, in writing, within thirty (30) days of service of these Requests.    Your response must be signed as required by Federal Rule of Civil Procedure 26(g)(2).  If you fail to fully respond to these Requests for Admission within the time allowed the matters set forth in these Requests may be deemed admitted and conclusively established against you for purposes of this action.

## DEFINITIONS AND INSTRUCTIONS

A.    "PERSON(S)" means and includes any natural person or any business, legal or governmental entity or association.

B.    "PLAINTIFFS' EXHIBIT A RECORDINGS" means the SOUND RECORDINGS listed on Exhibit A to the Complaint.

C.    "PLAINTIFFS' SCHEDULE 1 RECORDINGS" means the SOUND RECORDINGS listed on "SCHEDULE 1" hereto, each of which are also listed on Exhibit B to the Complaint.

D.    "ONLINE MEDIA DISTRIBUTION SYSTEM" means any Internet-based system including, but not limited to, **Kazaa, Grokster, MusicCity, BearShare, Limewire, iMesh, FastTrack, e-Donkey, and Gnutella,** that enables users to copy SOUND RECORDINGS from, and/or distribute SOUND RECORDINGS to, other users of the system.

E.    "MADE AVAILABLE" or "MAKE AVAILABLE" means storing a file or content on THE COMPUTER hard drive in a manner such that the file or content may be accessed by members of the public and/or other users of an ONLINE MEDIA DISTRIBUTION SYSTEM including, but not limited to, by placing the file or content in a "share" folder associated with an ONLINE MEDIA DISTRIBUTION SYSTEM.

F.    "THE COMPUTER" means all computers and computer components located within your place of residence or otherwise within your possession, custody, or control that had access to the Internet through your account with Csc Holdings, Inc. at any time during the preceding three years before the Complaint in this action was filed.

G.    "SOUND RECORDINGS" means works that result from the fixation of a series of musical, spoken, or other sounds including, but not limited to, recordings of music.

2

## SECOND REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 30:

Admit that you downloaded each of PLAINTIFFS' SCHEDULE I RECORDINGS onto THE COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM, which includes without limitation, Kazaa, Grokster, MusicCity, BearShare, Limewire, iMesh, FastTrack, e-Donkey, and Gnutella.

RESPONSE:


### REQUEST FOR ADMISSION NO. 31:

Admit that when you downloaded each of PLAINTIFFS' SCHEDULE I RECORDINGS onto THE COMPUTER, you knew that downloading such SOUND RECORDINGS was illegal.

RESPONSE:


### REQUEST FOR ADMISSION NO. 32:

Admit that each Plaintiff listed on SCHEDULE 1 as owning a copyright in one or more of PLAINTIFFS' SCHEDULE 1 RECORDINGS, does own or control exclusive rights to the copyright in each such SOUND RECORDING next to which the Plaintiff is listed.

RESPONSE:

3

**REQUEST FOR ADMISSION NO. 33:**

Admit that you have no evidence to dispute that each Plaintiff listed on SCHEDULE I as owning a copyright in one or more of PLAINTIFFS' SCHEDULE 1 RECORDINGS, does own or control exclusive rights to the copyright in each such SOUND RECORDING next to which the Plaintiff is listed.

RESPONSE:

**REQUEST FOR ADMISSION NO. 34:**

Admit that each of PLAINTIFFS' SCHEDULE I RECORDINGS was duly registered with the United States Copyright Office prior to the first date on which you downloaded or MADE AVAILABLE each such SOUND RECORDING.

RESPONSE:

**REQUEST FOR ADMISSION NO. 35:**

Admit that you have no evidence to dispute that each of PLAINTIFFS' SCHEDULE I RECORDINGS was duly registered with the United States Copyright Office prior to the first date on which you downloaded or MADE AVAILABLE each such SOUND RECORDING.

RESPONSE:

**REQUEST FOR ADMISSION NO. 36:**

Admit that all of PLAINTIFFS' SCHEDULE 1 RECORDINGS bore United States copyright notices over the last three years prior to the filing of the Complaint in this case.

RESPONSE:

**REQUEST FOR ADMISSION NO. 37:**

Admit that you had access to copies of PLAINTIFFS' SCHEDULE I RECORDINGS, which bore United States copyright notices over the last three years prior to the filing of the Complaint in this case.

RESPONSE:

**REQUEST FOR ADMISSION NO. 38:**

Admit that each copyright registration for each SOUND RECORDING identified in PLAINTIFFS' SCHEDULE 1 RECORDINGS is valid.

RESPONSE:

**REQUEST FOR ADMISSION NO. 39:**

Admit that you have no evidence to dispute that each copyright registration for each SOUND RECORDING identified in PLAINTIFFS' SCHEDULE 1 RECORDINGS is valid.

RESPONSE:

**REQUEST FOR ADMISSION NO. 40:**

Admit that none of the Plaintiffs have ever authorized you to copy or download any of PLAINTIFFS' SCHEDULE I RECORDINGS onto a computer hard drive.

RESPONSE:

## REQUEST FOR ADMISSION NO. 41:

Admit that when you downloaded each of PLAINTIFFS' SCHEDULE 1 RECORDINGS onto a computer hard drive, you willfully infringed the copyright in each SOUND RECORDING.

RESPONSE:

## REQUEST FOR ADMISSION NO. 42:

Admit that on or before the date of the filing of the Complaint in this action you MADE AVAILABLE PLAINTIFFS' SCHEDULE 1 RECORDINGS via an ONLINE MEDIA DISTRIBUTION SYSTEM.

RESPONSE:

## REQUEST FOR ADMISSION NO. 43:

Admit that none of the Plaintiffs have ever authorized you to MAKE AVAILABLE PLAINTIFFS' SCHEDULE 1 RECORDINGS to be downloaded or copied onto the computer hard drive of any other PERSON.

RESPONSE:

## REQUEST FOR ADMISSION NO. 44:

Admit that after you received the Complaint in this action, you deleted some or all of PLAINTIFFS' SCHEDULE 1 RECORDINGS from THE COMPUTER.

RESPONSE:

**REQUEST FOR ADMISSION NO. 45:**

Admit that after you received the Complaint in this action, you continued to download SOUND RECORDINGS to THE COMPUTER using an ONLINE MEDIA DISTRIBUTION SYSTEM.

RESPONSE:


**REQUEST FOR ADMISSION NO. 46:**

Admit that after you received the Complaint in this action, you continued to MAKE AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM at least some of PLAINTIFFS' EXHIBIT A RECORDINGS or PLAINTIFFS' SCHEDULE 1 RECORDINGS.

RESPONSE:


**REQUEST FOR ADMISSION NO. 47:**

Admit that after you received the Complaint in this action, you continued to MAKE AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM all of PLAINTIFFS' EXHIBIT A RECORDINGS and PLAINTIFFS' SCHEDULE 1 RECORDINGS.

RESPONSE:


**REQUEST FOR ADMISSION NO. 48:**

Admit that each SOUND RECORDING identified in PLAINTIFFS' EXHIBIT A RECORDINGS is identical to each corresponding SOUND RECORDING registered with the United States Copyright Office.

RESPONSE:

**REQUEST FOR ADMISSION NO. 49:**

Admit that you have no evidence to dispute that each SOUND RECORDING identified in PLAINTIFFS' EXHIBIT A RECORDINGS is identical to each corresponding SOUND RECORDING registered with the United States Copyright Office.

RESPONSE:

**REQUEST FOR ADMISSION NO. 50:**

Admit that each SOUND RECORDING identified in PLAINTIFFS' SCHEDULE 1 RECORDINGS is identical to each corresponding SOUND RECORDING registered with the United States Copyright Office.

RESPONSE:

**REQUEST FOR ADMISSION NO. 51:**

Admit that you have no evidence to dispute that each SOUND RECORDING identified

in PLAINTIFFS' SCHEDULE 1 RECORDINGS is identical to each corresponding SOUND

RECORDING registered with the United States Copyright Office.

RESPONSE:

Dated: Stamford, Connecticut
       May 8, 2007

By: _____
    Brian E. Moran (BM-8573)
    Richard J. Guida (RG-5147)
    Robinson & Cole LLP
    885 Third Avenue, Suite 2800
    New York, NY 10022-4834
    Telephone: (212) 451-2900
    Fax: (212) 451-2999

9

**SCHEDULE 1**
**WALTUCH, CHERYL (ED NY)**

| Copyright Plaintiff | Artist | Song Title | Album Title | SR |
|---|---|---|---|---|
| Warner Bros. Records Inc. | Prince | Little Red Corvette | 1999 | 41-035 |
| UMG Recordings, Inc. | DMX | Party Up | ...And Then There Was X | 279-017 |
| SONY BMG MUSIC ENTERTAINMENT | Billy Joel | Big Shot | 52nd Street | 4-681 |
| UMG Recordings, Inc. | Guns N Roses | Paradise City | Appetite for Destruction | 85-358 |
| SONY BMG MUSIC ENTERTAINMENT | Meat Loaf | Bat Out Of Hell | Bat Out Of Hell | N46849 |
| SONY BMG MUSIC ENTERTAINMENT | Will Smith | Miami | Big Willie Style | 249-123 |
| SONY BMG MUSIC ENTERTAINMENT | The Offspring | Original Prankster | Conspiracy of One | 288-853 |
| UMG Recordings, Inc. | Nelly | Country Grammer | Country Grammar | 281-782 |
| SONY BMG MUSIC ENTERTAINMENT | Beyonce | Naughty Girl | Dangerously in Love | 342-236 |
| Warner Bros. Records Inc. | Green Day | Welcome to Paradise | Dookie | 185-457 |
| UMG Recordings, Inc. | Blink-182 | All the Small Things | Enema of the State | 279-826 |
| SONY BMG MUSIC ENTERTAINMENT | Korn | Freak on a Leash | Follow the Leader | 263-749 |
| UMG Recordings, Inc. | Aerosmith | Cryin' | Get A Grip | 153-061 |
| Capitol Records, Inc. | Beastie Boys | Intergalactic | Hello Nasty | 277-731 |
| Warner Bros. Records Inc. | Linkin Park | Papercut | Hybrid Theory | 288-402 |
| Warner Bros. Records Inc. | Rod Stewart | First Cut Is the Deepest | If We Fall In Love Tonight | 229-785 |
| Capitol Records, Inc. | Beastie Boys | Sabotage | III Communication | 213-461 |
| SONY BMG MUSIC ENTERTAINMENT | Jessica Simpson | With You | In This Skin | 378-700 |
| UMG Recordings, Inc. | Nirvana | Rape Me | In Utero | 172-276 |
| Warner Bros. Records Inc. | Van Morrison | Full Force Gale | Into The Music | 11-541 |
| Capitol Records, Inc. | Chingy | One Call Away | Jackpot | 343-105 |
| Arista Records LLC | Whitney Houston | Try It on My Own | Just Whitney | 325-211 |
| SONY BMG MUSIC ENTERTAINMENT | Korn | A.D.I.D.A.S. | Life is Peachy | 230-571 |

| Copyright Plaintiff | Artist | Song Title | Album Title | SR |
|---|---|---|---|---|
| Capitol Records, Inc. | Poison | Talk Dirty to Me | Look What the Cat Dragged In | 82-349 |
| Virgin Records America, Inc. | Smashing Pumpkins | Tonight, Tonight | Mellon Collie and the Infinite Sadness | 183-904 |
| UMG Recordings, Inc. | Beck | Loser | Mellow Gold | 185-369 |
| Virgin Records America, Inc. | A Perfect Circle | Thomas | Mer De Noms | 281-642 |
| UMG Recordings, Inc. | Sting | Fragile | Nothing Like the Sun | 85-672 |
| UMG Recordings, Inc. | Beck | Where It's At | Odelay | 222-917 |
| Capitol Records, Inc. | Joe Cocker | When the Night Comes | One Night Of Sin | 107-804 |
| Warner Bros. Records Inc. | Rod Stewart | Forever Young | Out Of Order | 92-430 |
| SONY BMG MUSIC ENTERTAINMENT | Rage Against the Machine | Killing in the Name | Rage Against the Machine | 152-061 |
| Capitol Records, Inc. | Everclear | Wonderful | Songs from an American Movie - Vol. 1, Learning How to Smile | 284-811 |
| Arista Records LLC | Outkast | Ghetto Musick | Speakerboxxx/The Love Below | 340-520 |
| UMG Recordings, Inc. | Sting | Fields of Gold | Ten Summoner's Tales | 174-453 |
| UMG Recordings, Inc. | 3 Doors Down | Loser | The Better Life | 277-407 |
| UMG Recordings, Inc. | Afroman | Cuz I Got High | The Good Times | 301-429 |
| UMG Recordings, Inc. | The Cranberries | Salvation | To the Faithful Departed | 217-619 |
| SONY BMG MUSIC ENTERTAINMENT | System of a Down | Science | Toxicity | 301-897 |
| SONY BMG MUSIC ENTERTAINMENT | REO Speedwagon | Can't Fight This Feeling | Wheels Are Turnin' | 64-148 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 8, 2007, a copy of the foregoing **SECOND SET OF REQUESTS FOR ADMISSIONS** was served upon the Defendant via United States Mail at the following address:

> Cheryl Waltuch
> 3328 Woodward Street
> Oceanside, NY 11572
> *Defendant*

Brian E. Moran (BM-8573)
Richard J. Guida (RG-5147)
Robinson & Cole LLP

10

# Exhibit D

# ROBINSON & COLE LLP

RICHARD J. GUIDA

885 Third Avenue
Suite 2800
New York, NY 10022
Main (212) 451-2900
Fax (212) 451-2999
rguida@rc.com
Direct (212) 451-2948

_BY FIRST-CLASS MAIL_

May 22, 2007

Cheryl Waltuch
3328 Woodward Street
Oceanside, NY 11572

Re:    *Warner Bros. Records, Inc. v. Waltuch*, 1:06-cv-00749-DGT-RML

Dear Ms. Waltuch:

I am writing to you under Rule 37 of the Federal Rules of Civil Procedure to remind you that your deadline to respond to Plaintiffs' First Set of Interrogatories, to Plaintiffs First Set of Requests for Production of Documents, and to Plaintiffs' First Set of Requests for Admissions has passed. We have not received your responses. Your responses are now overdue.

Please provide _complete, accurate responses_ to Plaintiffs' discovery requests by _May 30, 2007_. If we do not receive your responses by then, we will have no choice but to ask the Court to compel your responses or to deem our Requests for Admissions admitted.

As always, please do not hesitate to contact me with any questions you have in this matter at 212-451-2948. Plaintiffs also remain willing to discuss the possibility of a settlement of this case with you.

Sincerely,

Richard J. Guida

_Law Offices_

BOSTON

HARTFORD

NEW LONDON

STAMFORD

WHITE PLAINS

NEW YORK CITY

SARASOTA

_www.rc.com_        STAM1-838137-1